CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **DAVID TRIPLETT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00133 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHIP HURLEY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*David Triplett, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims against a state circuit court judge for a decision regarding his probation.  Upon review, I conclude that the Complaint must be summarily dismissed for failure to state a claim on which relief may be granted.

Triplett has submitted this case under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  However, it is well-settled that a judge is generally immune from suit under § 1983.  *Mireles v. Waco*, 502 U.S. 9 (1991).  There are two possible exceptions to judicial immunity: (1) "non-judicial actions, i.e. actions not taken in the judge's official capacity" or (2) actions "taken in the complete absence of all jurisdiction."  *Id.* at 11–12.

Here, Triplett has alleged that Tazewell County Circuit Court Judge Chip Hurley "gave [him] 3 more yrs probation" and he is being "held in jail until all [his] restitution is paid in full with the court knowing [his] medical condition with [his] cancer." Compl. 2, Dkt. No. 1. Despite not naming any jail official as a defendant, Triplett goes on to allege that the jail where he is being held has not provided appropriate medical treatment.

The actions by Judge Hurley that Triplett challenges do not meet the exceptions to judicial immunity. First, the judge's actions regarding Triplett's probation status are "function[s] normally performed by a judge" and Triplett "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) and identifying these two factors to determine whether an act is a judicial one). Second, Triplett does not plausibly allege that the judge lacked jurisdiction to make a determination regarding his probation. Therefore, Judge Hurley is entitled to judicial immunity, and the claims against him will be dismissed.

Accordingly, Triplett has failed to state a claim on which relief may be granted, and his Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(ii).

ENTER: March 23, 2026

/s/ JAMES P. JONES
Senior United States District Judge

-2-